2022R00926/ADK

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. |
| | : | |
| v. | : | Criminal No. 22-00744-001 (RMB) |
| | : | |
| WILLIE CARTER | : | 18 U.S.C. §§ 1343 and 2 |

## INFORMATION

The defendant having waived in open court prosecution by Indictment, the United States Attorney for the District of New Jersey charges:

### BACKGROUND

1. At various times relevant to this Information:

    a. Defendant WILLIE CARTER was a resident of Bellmawr, New Jersey.

    b. On March 18, 2020, the Families First Coronavirus Response Act ("FFCRA") was signed into law. The FFCRA provided additional flexibility for state Unemployment Insurance ("UI") agencies and additional administrative funding to respond to the COVID-19 pandemic. Then, the Coronavirus Aid, Relief, and Economic Security ("CARES") Act was signed into law on March 27, 2020. It expanded States' ability to provide assistance to many workers impacted by COVID-19, including for workers who are not ordinarily eligible for UI benefits ("UIBs"). The CARES Act provided for three new temporary UI programs: Pandemic Unemployment Assistance ("PUA");

Pandemic Emergency Unemployment Compensation ("PEUC"); and Federal Pandemic Unemployment Compensation ("FPUC").

        c.      On August 8, 2020, after FPUC expired, a Presidential Memorandum authorized the Federal Emergency Management Agency ("FEMA") to use disaster relief funds pursuant to Section 408, Other Needs Assistance, of the Robert T. Stafford Disaster Relief and Emergency Assistance Act, 42 U.S.C. §§ 5121-5207, to provide supplemental payments for lost wages to help ease the financial burden on individuals who were unemployed as a result of COVID-19. The Lost Wages Assistance Program ("LWA") served as a temporary measure, if a State Workforce Agency ("SWA") chose to administer it, to provide an additional $300 per week via a total of approximately $42.5 billion in FEMA funds. The period of assistance for LWA was August 1, 2020 to December 27, 2020, or termination of the program, whichever was sooner.

        d.      Regardless of which of the three programs described above was involved (that is, whether PUA, PEUC, or FPUC), funds were distributed to program participants by the SWA. These funds were received by the SWA from the United States Department of the Treasury ("Treasury"). When a SWA approved a UIB application, the SWA caused money to be transferred to the applicant, often by causing a credit/debit card to be mailed to the address requested by the applicant.

2.  From at least in or about June 2020 through in or about November 2020, in the District of New Jersey and elsewhere, the defendant,

WILLIE CARTER,

did knowingly and intentionally devise and intend to devise a scheme and artifice to defraud and to obtain property and money by means of materially false and fraudulent pretenses, representations, and promises, and, for the purpose of executing and attempting to execute such scheme and artifice to defraud, did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, including a wire communication from inside of New Jersey to a location outside of New Jersey, as more fully set forth below.

## GOAL OF THE SCHEME TO DEFRAUD

3.  The goal of the scheme and artifice to defraud was for Carter to enrich himself by fraudulently obtaining UIBs.

## MANNER AND MEANS OF THE SCHEME TO DEFRAUD

4.  It was part of the scheme and artifice to defraud that:

    a.  Carter and/or others applied for UIBs in others' names without their knowledge or consent.

    b.  Carter and/or others provided false information in the UIB applications inducing SWAs to approve the applications.

    c.  Carter and/or others provided information in the applications causing the SWAs to send the UIBs to financial accounts they

3

controlled and/or send credit/debit cards containing UIBs to locations they controlled.

        d.     Carter and/or others then used the cards or accessed the financial accounts to obtain money.

        e.     Carter and others obtained more than $400,000 through their activity.

5.     On or about August 30, 2020, for the purpose of executing the scheme and artifice to defraud, in the District of New Jersey and elsewhere, the defendant,

WILLIE CARTER,

knowingly and intentionally transmitted and caused to be transmitted by means of a wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, namely a wire communication from a location in New Jersey to a location outside of New Jersey.

In violation of Title 18, United States Code, Section 1343 and Section 2.

*[handwritten: application – IP for u/e Benefits]*

4

## **FORFEITURE ALLEGATION**

1. The allegations contained in this Information are incorporated by reference as though set forth in full herein for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the offense charged in this Information, the government will seek forfeiture from defendant Carter, in accordance with Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 981(a)(1)(C), of any and all property, real or personal, that constitutes or is derived from proceeds traceable to the violation of Title 18, United States Code, Section 1343.

3. If by any act or omission of defendant Carter any of the property subject to forfeiture herein:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of defendant Carter up to the value of the property described in this forfeiture allegation.

*Philip R. Sellinger*
PHILIP R. SELLINGER
UNITED STATES ATTORNEY

CASE NUMBER: 22-_____

# United States District Court
# District of New Jersey

UNITED STATES OF AMERICA

v.

WILLIE CARTER

# INFORMATION FOR
18 U.S.C. §§ 1343 and 2

**PHILIP R. SELLINGER**
UNITED STATES ATTORNEY
NEWARK, NEW JERSEY

ANDREW KOGAN
ASSISTANT U.S. ATTORNEY
NEWARK, NEW JERSEY
973-645-2700